United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RON ROGERS, | Case No. 25-cv-05227-LB |
| Plaintiff, | **ORDER GRANTING LEAVE TO AMEND** |
| v. | Re: ECF No. 41 |
| MCDONALD'S USA, LLC, et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Ron Rogers sued his former employer, McDonald's USA, for disability discrimination and related claims under the California Fair Employment and Housing Act (FEHA) and the Labor Code, all arising from his employment, medical leaves following a 2023 traumatic brain injury, and his 2025 separation from employment. The operative complaint pleads nine claims against McDonald's only. The issue is whether the plaintiff can amend his complaint. The court set April 15, 2026, as the pleadings cutoff and warned that amendment after that date would fall under Rule 16(b). The plaintiff filed his amended complaint that day, without obtaining McDonald's written consent or the court's leave, as Rule 15(a)(2) requires.[1] Twelve days later, the plaintiff moved for leave to amend, attaching a proposed complaint adding a tenth claim for age

---

[1] Am. Compl. – ECF No. 40. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-cv-05227-LB

discrimination, a new theory of disability based on a "perceived disability"/cranial-deformity theory, and two individual defendants.[2] McDonald's opposed amendment for failure to show good cause under Rule 16(b) and because the Rule 15(a) factors did not favor amendment.[3] In his reply, the plaintiff withdrew the proposed individual defendants and submitted a proposed amended complaint naming only McDonald's.[4]

The complaint filed on April 15 has no legal effect because it was filed without leave of the court or stipulation of the parties, as the plaintiff acknowledges.[5] The court grants the motion to file the proposed amended complaint attached to the plaintiff's reply, which names McDonald's only. The plaintiff must file it as a standalone document within seven days. McDonald's futility and prejudice arguments directed at the two proposed individual defendants are moot because the plaintiff has withdrawn them. The defendants may conduct the additional discovery it proposes: ten additional interrogatories and an additional five-hour deposition of the plaintiff.[6]

## STATEMENT

The plaintiff alleges that he was employed by McDonald's beginning in approximately October 2014 and advanced to Field Marketing Officer, overseeing a multi-state region.[7] In March 2023, while on a work trip in Portland, Oregon, he was assaulted and sustained a traumatic brain injury requiring emergency surgery and extended leave. He alleges he was medically cleared to return in October 2023 with temporary accommodations, was not reinstated to his prior role (which was filled by Connor Mara), was reassigned to a temporary position, received a mid-year "off-track" performance designation, took a second leave from approximately August 2024 to

---

[2] Mot. – ECF No. 41.

[3] Opp'n – ECF No. 46.

[4] Reply – ECF No. 48; Proposed Am. Compl., Ex. A to Louderback Decl. – ECF No. 48-1.

[5] Mot. – ECF No. 41.

[6] Opp'n – ECF No. 46 at 21.

[7] Compl. – ECF No. 1-1 at 4 (¶ 8).

United States District Court
Northern District of California

February 2025 following a further cranial surgery, and was separated in 2025.[8] McDonald's disputes this account and contends the plaintiff's position was eliminated when its supporting initiative sunsetted and that the plaintiff never complained of discrimination during employment.[9]

The following is the procedural chronology of the case.

- May 15, 2025: lawsuit filed in state court with nine claims against McDonald's only.[10]

- June 2025: McDonald's answers and removes the case.[11]

- September 25, 2025: the plaintiff represents in the initial case-management statement that he "does not anticipate adding or dismissing any claims." The scheduling order sets no deadline to amend.[12]

- Fall 2025–Spring 2026: discovery, including documents, third-party discovery, and depositions of plaintiff, Connor Mara, Brian deKowzan, and Alma Anguiano.[13]

- February 6, 2026: plaintiff's counsel emails that he "intends to amend the complaint to add cause of action for Age Discrimination, Failure to Accommodate and Failure to Engage in a Good faith Interactive Process," "will send" a stipulation and order, and asks McDonald's not to require a motion.[14]

- February 18, 2026: mediation before the Hon. James Warren (Ret.).[15]

- February 27, 2026: McDonald's counsel responds that to consider a stipulation, the plaintiff "will need to send us a proposed Stipulation and proposed Amended Complaint (redlined as required by Judge Beeler's Standing Order)."[16]

- March 5, 2026: case-management statement reflects the plaintiff's intent to amend and McDonald's statement that it had "requested a copy of the proposed Amended Complaint … to consider whether, and on what terms," it would stipulate, and had received none.[17]

---

[8] *Id.* at 4–8 (¶¶ 8–33); Proposed Am. Compl., Ex. A to Louderback Decl. – ECF No. 48-1 at 7–15 (¶¶ 8–61).

[9] Opp'n – ECF No. 46 at 7–8.

[10] Notice of Removal – ECF No. 1 at 2 (¶ 1).

[11] *Id.* at 2 (¶ 3), 3 (¶ 8).

[12] Case-Mgmt. Statement – ECF No. 26 at 6; Order – ECF No. 29.

[13] Curry Decl. – ECF No. 47 at 4 (¶ 10).

[14] *Id.* at 2 (¶ 4) & Ex. 1.

[15] Case-Mgmt. Statement – ECF No. 35 at 4.

[16] Curry Decl. – ECF No. 47 at 2–3 (¶ 5(a)) & Ex. 2.

[17] Case-Mgmt. Statement – ECF No. 35 at 5–6.

United States District Court
Northern District of California

- March 16, 2026: scheduling order requires the plaintiff to propose, by April 2, 2026, a "firm deadline to amend the pleadings," and states that the date would "serve as a pleadings cutoff, which puts amendment thereafter into Rule 16(b) territory."[18]

- April 2–3, 2026: the plaintiff proposes April 15, 2026, as the firm deadline; the court sets that date.[19] No proposed amendment or stipulation is sent to McDonald's.[20]

- April 15, 2026, 9:30 p.m.: the plaintiff files the amended complaint without McDonald's written consent and without the Court's leave.[21]

- April 20, 2026: McDonald's demands withdrawal, citing Rule 15(a)(2) and the Standing Order's blackline requirement.[22]

- April 27, 2026: the plaintiff moves for leave to amend, attaching a proposed pleading that adds an age-discrimination claim, a perceived-disability/cranial-deformity theory, and two individual defendants (Brian deKowzan and Courtney Cusimano Adams).[23]

- May 11, 2026: McDonald's opposes the motion to amend.[24]

- May 18, 2026: the plaintiff replies, withdraws the individual defendants, and submits a corrected proposed amended complaint naming only McDonald's.[25]

The court has diversity jurisdiction. 28 U.S.C. § 1332(a). The parties consented to magistrate-judge jurisdiction.[26] *Id.* § 636(c)(1). The court held a hearing on June 4, 2026.

## GOVERNING LAW

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117–18 (9th Cir. 2013). Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)

---

[18] Order – ECF No. 37.

[19] Case-Mgmt. Statement – ECF No. 38 at 2; Clerk's Notice – ECF No. 39.

[20] Curry Decl. – ECF No. 47 at 4 (¶ 8).

[21] Am. Compl. – ECF No. 40; Mot. – ECF No. 41 at 1; Curry Decl. – ECF No. 47 at 4 (¶ 8).

[22] Curry Decl. – ECF No. 47 at 4 (¶ 9) & Ex. 3.

[23] Mot. – ECF No. 41.

[24] Opp'n – ECF No. 46.

[25] Reply – ECF No. 48; Proposed Am. Compl., Ex. A to Louderback Decl. – ECF No. 48-1.

[26] Consents – ECF Nos. 12, 23.

United States District Court
Northern District of California

(cleaned up). Courts generally consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party, and whether the party has previously amended the pleadings. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009).

Where a party seeks leave to amend after the date specified in a scheduling order, Rule 16(b) also applies. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Under Rule 16(b), "[a] schedule shall not be modified except by leave of the district court upon a showing of good cause." *Id.* (cleaned up); *see* Fed. R. Civ. P. 16(b)(4). If the party seeking amendment shows good cause, then the party must demonstrate that the amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608. To determine whether good cause exists to modify the scheduling order, courts focus on the reasonable diligence of the moving party. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); *see also Johnson*, 975 F.2d at 609 ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief" under Rule 16(b); "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification"). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

## ANALYSIS

The plaintiff does not dispute that the complaint filed on April 15, 2026, without leave of the court or consent of the defendant, is not operative.[27] A party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The issue then is whether leave should be granted to file the proposed amended complaint attached to the plaintiff's reply. Leave is granted.

Under Rule 16(b), the plaintiff's diligence is imperfect, but good cause is established for three reasons. First, the plaintiff attempted to amend by the operative deadline. The defect was the absence of formal leave, not the plaintiff's inaction or untimeliness. He moved to cure the issue

---

[27] *See supra* Introduction.

United States District Court
Northern District of California

within twelve days of McDonald's objection. Second, the substance of the proposed amendments was disclosed months in advance and aired in successive case-management statements, so this is not a case of a theory sprung at the last moment. Third, and most important, the court set this deadline as a case-management device, anticipating that the parties would confer and stipulate to the amendment to avoid motion practice. The procedural breakdown reflects a failure of that cooperative process as much as the plaintiff's neglect. A deadline structured to channel a stipulation should not be wielded to foreclose the very amendment it was meant to facilitate.

The court does not condone the plaintiff's failure to circulate a draft pleading or to file the required blackline. The issue dragged on for some months, rendering somewhat weak the plaintiff's argument that amendment was discovery-driven. But given that the case-management schedule contemplated amendment, the issue is resolved in favor of reaching the merits, consistent with the strong policy favoring amendment. Also, there is plenty of room within the existing trial schedule, including a distant trial date and the ability to conduct discovery within the existing case deadlines.

The court thus proceeds to Rule 15(a)(2) and the five factors of undue delay, bad faith, futility of amendment, prejudice to the opposing party, and whether the party has previously amended the pleadings. *Ahlmeyer*, 555 F.3d at 1055.

Delay is measured by "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Late amendments asserting theories known "since the inception of the cause of action" are disfavored. *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999). The need to conduct discovery, as stated above, is a somewhat weak argument: the parties knew the core facts early. Delay like the delay here can weigh modestly against amendment. But the court manages cases toward mediation first (after discovery illuminates the case issues), preferably reserving motions practice until after the mediation. Delay thus is not undue. The short delay in filing a motion for leave to amend does not change that conclusion.

There is no bad faith: the delay in filing the motion was inadvertent.

There is curable prejudice: discovery may not have been focused on the new claims, and McDonald's is entitled to test them through discovery. But the amendments do not transform the

United States District Court
Northern District of California

case into a new one: they rest on the same employment history, decisionmakers, and adverse actions. The trial date is roughly nine months out with discovery ongoing. Prejudice of this kind is properly addressed by conditioning leave on additional discovery rather than by denying amendment outright.

The claims against individuals would not survive and thus would be futile. Under FEHA, nonemployer individuals are generally not liable for discrimination, retaliation, failure to prevent, or failure to accommodate. *Reno v. Baird*, 18 Cal. 4th 640, 644–45 (1998); *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1163 (2008); *Alejandro v. ST Micro Elecs., Inc.*, 129 F. Supp. 3d 898, 910, 913 (N.D. Cal. 2015). Cal. Labor Code § 1102.5 likewise does not impose individual liability. *United States ex rel. Lupo v. Quality Assurance Servs., Inc.*, 242 F. Supp. 3d 1020, 1030 (S.D. Cal. 2017).[28] The plaintiff's withdrawal of the individual defendants moots the issue. The proposed amended complaint names only McDonald's.

Leave to amend is granted.

The court grants McDonald's request for additional discovery.[29] District courts have "wide discretion in controlling discovery" and may condition leave to amend to neutralize prejudice. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). McDonald's may have up to ten additional interrogatories and an additional deposition of the plaintiff for up to five hours.

The court denies McDonald's request for reimbursement of the cost of the February 18, 2026, mediation.[30] The mediation predated both the pleadings-amendment deadline and the motion to amend, and it addressed the same employment dispute that remains at the core of the case. The amendment does not render that effort valueless. McDonald's invokes the court's inherent sanctions authority, *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001), but that authority requires bad faith or conduct tantamount to it. The court has found carelessness rather than bad faith. The

---

[28] Opp'n – ECF No. 46 at 19–20 (making this argument).

[29] *Id.* at 21.

[30] *Id.*

United States District Court
Northern District of California

targeted discovery authorized above is the appropriate and sufficient means of addressing any prejudice from the amendment.

## CONCLUSION

Leave to amend is granted, and the additional discovery is ordered. The request for reimbursement of the mediation expenses is denied. The plaintiff must file a standalone complaint within seven days.

This resolves ECF No. 41.

**IT IS SO ORDERED.**

Dated: June 4, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

ORDER – No. 25-cv-05227-LB                    8